In the Matter of CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Debtor.

No. 75B2697.

United States District Court, N. D. Illinois, E. D.

Oct. 25, 1978.

Norman H. Nachman, Nachman, Munitz & Sweig, Chicago, Ill., for debtor.

Robert L. Bombaugh, Jenner & Block, Chicago, Ill., for Henry Crown, et al.

Terry F. Moritz, William W. Darrow, Isham, Lincoln & Beale, Chicago, Ill., for First National Bank.

Phillip D. Levey, Chicago, Ill., for American Telephone and Telegraph Co.

Milton L. Fisher, Mayer, Brown & Platt, Chicago, Ill., for Northern Trust Co. and Continental Illinois National Bank & Trust Co. of Chicago.

James J. Clarke, Chicago, Ill., for North American Car Corp.

James F. Ashenden, Jr., O'Keefe, Ashenden & Lyons, Chicago, Ill., for Southern Pacific Transportation Co. and St. Louis Southwestern Railway Co.

Michael K. Williams, Chicago, Ill., for Amoco Oil.

John H. Broadley, Dept. of Justice, Washington, D. C., for the United States of America.

Charles H. White, Jr., Interstate Commerce Commission, Washington, D. C., Irving S. Fishman, Gary L. Prior, McDermott, Will & Emery, Chicago, Ill., for Greyhound Leasing & Financial Corp.

Secretary of the Treasury, Washington, D. C., Interstate Commerce Commission, Chicago, Ill., John J. Naughton, Chicago, Ill., for United Transportation Union.

Howard Joseph, Chicago, Ill., for Sumitomio Shoji America New York Corp.

John B. Huck, Chapman & Cutler, Chicago, Ill., for CIT Corp.

Leonard Schanfield, Rosenthal & Schanfield, Chicago, Ill., for U. S. Railway Equipment Co., et al.

William G. Mahoney, Washington, D. C., for Railway Labor Executive Assn., et al.

Thomas A. Woodley, Mulholland, Hickey & Lyman, Washington, D. C., for Railway Employes' Department, AFL–CIO.

White & Case, New York City, for Bankers Trust Co.

Burton E. Ericson, Burditt & Calkins, Chicago, Ill., for Continental Leasing Corp. and Intermodal Transp. Systems, Inc.

Nicholas G. Manos, Chicago, Ill., for William M. Gibbons, Trustee, Rock Island Railroad.

Thomas B. Burch, Vice President-Investment Counsel, Metropolitan Life Insurance Company, New York City, for Metropolitan Life Ins. Co.

Robert S. Steiner, Transportation Regulation Board, Des Moines, Iowa, for the Iowa Transportation Regulation Board.

Martin M. Lucente, Sidley & Austin, Chicago, Ill., for Burlington Northern, Union Tank Car Co., Atchison, Topeka & Santa Fe Ry. Co., Denver & Rio Grande Western, Illinois Central Gulf Railroad, Norfolk & Western Railway, Western Pacific Railroad.

Pedersen & Houpt, Chicago, Ill., for North American Car Corp.

Harold E. Spencer, Belnap, McCarthy, Spencer, Sweeney & Harkaway, Chicago, Ill., for Pullman Transport Leasing.

Stephen M. Neumer, Katten, Muchin, Gitles, Zavis, Pearl & Galler, Chicago, Ill., for Precision National Leasing Corp.

Jeremiah Marsh, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., for Regional Transportation Authority.

Raymond K. Merrill, Vice President—Law, Chicago, Ill., for Chicago, Milwaukee, St. Paul & Pacific Railroad Co.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

The trustee of the debtor, Chicago, Rock Island and Pacific Railroad has petitioned this court for authority to sell certain of its lines and other property and interests to Southern Pacific Transportation Company ("Southern Pacific"), and for approval of such sale pursuant to Section 77(o) of the Bankruptcy Act. Section 77(o), in pertinent part, provides that:

"The trustee of trustees, from time to time, shall determine what lines or portions of lines of railroad and what other property of the debtor, if any, should be abandoned or sold during the pendency of the proceedings in the interest of the debtor's estate and of ultimate reorganization but without unduly or adversely affecting the public interest, and shall present to the judge petitions, in which other parties in interest may join, for authority to abandon or to sell any such property; and upon order of the judge made after a hearing pursuant to such reasonable notice by publication or otherwise as the judge may direct to parties in interest, authorizing any such abandonment or sale, but only with the approval and authorization of the Commission when required by the Interstate Commerce Act as amended February 28, 1920, or as it may be hereafter amended, the trustee or trustees shall take all steps and carry out all proceedings necessary for the consummation of any such abandonment or sale in accordance with the order of the judge. . . . "

The trustee has requested initial approval of the proposed sale and authority to file a joint application with Southern Pacific for approval by the Interstate Commerce Commission pursuant to Section 77(o) and Section 5 of the Interstate Commerce Act. Without detailing each objection filed by several parties in interest, which include at least four railroads and creditor groups, including an income bond indenture trustee, the unanimous viewpoint of the objectors is that this court has no power apart from a plan of reorganization to authorize a sale of the magnitude proposed in the trustee's petition.

The objectors rely uniformly on the Third Circuit's decision in the case of *In the Matter of Penn Central Transportation Company*, 484 F.2d 323 (1973) ("Park Avenue") for the proposition that the sale of a substantial portion of a debtor's lines cannot be accomplished outside of the purview of a plan of reorganization. There can be no argument that the approximate 1,000-mile Santa Rosa, New Mexico to St. Louis, Missouri,

trackage represents a sizeable portion of Rock Island's 7,500-mile system, for which Southern Pacific has agreed to pay the cash sum of $57 million. If the objectors are sustained in their stated position, the trustee will be compelled to formulate and file his plan at the earliest date in order to preserve and present the proposed sale to the Commission for its consideration, along with all other elements of a comprehensive plan for Rock Island.

The trustee argues, however, that he is not prepared to present his plan for Rock Island until he has completed, among other matters included in his planning, his negotiations for restructuring the debtor's lines, the Southern Pacific transaction having been a first and major step towards the accomplishment of that objective. He also argues that any delay in presenting the proposed transaction to the Commission and to this court pending the filing of such a plan will prejudice his objective of reducing a burden on his operation of the debtor's system at the earliest possible time so as to enhance the prospect of reorganization as is contemplated by Section 77(o) of the Bankruptcy Act. The trustee's position is supported by the Department of Transportation, whose attorneys have pointed out in oral argument to this court, that it is preferable to attempt to achieve transfers such as the one proposed to Southern Pacific, before a plan is finally drawn up and sent to the Commission under the present statutory scheme. The Department of Transportation perceives advantages in a separate approach to such transfers under Section 77(o) of the Bankruptcy Act and Section 5(2) of the Interstate Commerce Act, recognizing that Section 5(2) has a thirty-one-month limitation on Commission action, thereby avoiding the risk of a prolonged proceeding before the Commission which could result if, for example, the trustee were compelled to complete all of his negotiated transfers and to include them in a comprehensive plan to the Commission where objections of affected railroads and other public and private interests would be aired in great detail and with no statutory time constraint.

This court finds nothing in the express wording of Section 77(o), or in its legislative history, which precludes a sale of the type proposed by the trustee apart from a plan. The court has the power to ultimately approve the transaction, if it is first approved by the Commission, and provided the court is presented with sufficient facts to support findings that the sale is in the best interests of the debtor's estate and will enhance its ultimate reorganization. In reaching this conclusion, the court need not prejudge whether these ultimate findings should be made. The court need only determine that the transaction, as requested by the trustee, appears worthy of consideration by the Commission. The court, however, retains the power to conduct a hearing after the matter has been first heard by the Commission and to exercise its discretion at such date in approving or rejecting the transaction.

Objectors to the sale rely on *In the Matter of Penn Central Transportation Company, supra,* and contend that the Third Circuit's decision in Park Avenue stands for the proposition that the sale of a 1000-mile segment of the Rock Island must be part of a plan of reorganization. The Third Circuit handed down its Park Avenue decision with full awareness of the District Court's order requiring its trustee to file a liquidation plan within days of the Third Circuit's ruling. Consequently, its ruling was affected by the factual context of that particular case. Such is not the case before this court where the issue of Rock Island's income-based reorganizability has not yet been decided and there still exists the possibility that such a plan may be formulated and filed. Further, the properties to be sold in the Park Avenue case were a group of office buildings not a part of the operating properties of the railroad, and for this reason, the transaction would not have been subject to an ultimate Section 5(2) review by the Commerce Cŏmmission.

Section 77(o) sets up a scheme whereby the trustee may negotiate and recommend to the court for approval the sale of a line, or portion of a line, which he deems to be in the interest of the debtors' estate and of ultimate reorganization, and without undue,

adverse effect on the public interest. His decision in this regard is reviewed by the court, and the court's conclusion must be reviewed by the Commission. Thus the same essential scheme for the protection of both private and public interests in the instance of a plan of reorganization is invoked for approval of a sale of a line. It remains a matter of judicial discretion to determine whether the proposed sale of a line is a transaction of such magnitude and impact on reorganizability that it should not be separately consummated.

The determination of a similar but not truly analogous issue by the reorganization court in the Park Avenue case was in a factual context different than here, and the case cannot be regarded as controlling precedent.

Therefore, it is the conclusion of this court, in the exercise of the discretion it has in the matter, that the court has the power to deal with the proposed sale to the Southern Pacific now before it separately, and apart from a plan of reorganization.

■ The court must next consider and decide whether the findings required of the court under Section 77(o) specifically related to the debtor's best interest, the public interest, and ultimate reorganization should be determined before the trustee can be authorized to file his joint application with Southern Pacific with the Commission, or whether the court should conduct hearings on the trustee's petition while the Commission is simultaneously hearing the matter, as has been suggested by one of the objecting parties. This court is of the opinion and concludes that such interim findings are neither required by Section 77(o) nor desirable. Any preliminary finding by this court would entail lengthy hearings whose subject matter would be inextricably woven into the precise matters which the Commission will be reviewing and deciding under Section 5(2) of the Interstate Commerce Act. Among such matters would be the valuation of the lines proposed to be sold to Southern Pacific and the sufficiency of the price offered. Indeed, the valuation of the debtor's property is a function granted to the Commission, without the necessity of approval by the court. *New Haven Inclusion Cases,* 399 U.S. 392, 90 S.Ct. 2054, 26 L.Ed.2d 691 (1970), *Ecker v. Western Pacific R. Corp.,* 318 U.S. 448, 63 S.Ct. 692, 87 L.Ed. 892 (1942). The determination by the Commission of whether the transaction is just and reasonable and consistent with the public interest, as prescribed under Section 5(2)(b) of the Act, necessarily requires that it consider the interests of all entities and persons affected by the sale, public or private, and if need be, to modify the terms of the transaction to meet the standards of Section 5(2)(b). When its work has been completed, the Commission will alternatively indicate to this court its approval of the transfer, in its present form or as modified, or its rejection. This court will then be best able to conduct hearings and to make ultimate findings, as required of it under Section 77(o), relative to the best interests of the estate and the enhancement to the prospect of reorganization, without duplication of the Commission's efforts.

Further, the court will be considering the transaction in its final form after such Commission changes as have been made, rather than in its originally proposed and non-finalized form.

The effect of this procedure is not dissimilar to that under Section 77(d) providing for the simultaneous filing of a plan of reorganization with the court and the Commission. Under the statute, the Commission takes the lead as a partner with the court to conduct hearings on the plan and to approve and certify it to the court before the court has taken any action or has made any findings on the plan, whether preliminary or otherwise. Indeed, Section 77(d) specifically provides that "No plan shall be approved or confirmed by the judge in any proceedings under this section unless the plan shall first have been approved by the Commission and certified to the court." The suggestion is implicit that, under Section 77(o) as well as under Section 77(d), the Commission should first apply its expertise in the exercise of its statutory duty and then refer the matter back to the court for its consideration and approval.

This court, therefore, denies the several motions brought to either dismiss or deny

the trustee's petition, and grants said trustee leave to file his petition in this court for authority to sell certain of its lines of railroad and other property and interests to Southern Pacific. The court further authorizes its trustee to execute and file with the Interstate Commerce Commission a joint application with the Southern Pacific Transportation Company for the Commission's action and decision pursuant to Section 77(*o*) of the Bankruptcy Act and the applicable provisions of the Interstate Commerce Act. The trustee is also authorized to incur any and all expense which shall be required to prosecute his application on the proposed sale and transfer to Southern Pacific to its conclusion before the Commission. The court reserves jurisdiction, following receipt and notice of the Commission's action on the trustee's joint application, to set dates for a hearing, and upon the conclusion of such hearings, to enter such order or orders pursuant to Section 77(*o*) of the Bankruptcy Act as the court shall then determine.